UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry and
LOCAL UNION NO. 3 OF THE INTERNATIONAL **MEMORANDUM & ORDER**
BROTHERHOOD OF ELECTRICAL WORKERS, 12-CV-4852 (MKB)
AFL-CIO,

                Plaintiffs,

       v.

GARTECH ELECTRICAL CONTRACTING
CORP.,

                Defendant.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry (the "Board") and Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") filed a Complaint on September 28, 2012, against Defendant Gartech Electrical Contracting Corp. ("Gartech"). (Docket Entry No. 1.) Plaintiffs brought this action pursuant to §§ 404, 409, 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover sums due under ERISA and the relevant collective bargaining agreement, attorneys' fees and costs. Although properly served with copies of the summonses and Complaint, (Docket Entry No. 3), Defendant failed to appear or otherwise defend against this action. On November 14, 2012, the Clerk of Court noted Defendant's default. (Docket Entry No. 5.) Plaintiffs subsequently moved for a default judgment on May 10, 2013. (Docket Entry No. 6.) On June 17, 2013, the Court referred the motion to Magistrate Judge Viktor V. Pohorelsky for a report and recommendation. (Order dated June 17, 2013.) By

Report and Recommendation ("R&R") dated March 14, 2014, Judge Pohorelsky recommended that the Court grant Plaintiffs' request for a default judgment and enter judgment against Defendant for damages to the Board and the Union as follows: *To the Board*, (1) unpaid contributions collected by the Board ("JIB contributions")[1] in the amount of $557,382.79; (2) unpaid Deferred Salary Plan of the Electrical Industry contributions ("DSP contributions") in the amount of $210,006.37; (3) underpaid contributions to the Annuity Fund in the amount of $980; (4) unpaid contributions from the audit in the amount of $32,852.83; (5) interest on the unpaid JIB contributions in the amount of $54,438.28 through March 10, 2014, plus $51.54 per day thereafter to the date of judgment; (6) interest on the unpaid DSP contributions in the amount of $16,317.83 through March 10, 2014, plus $17.28 per day thereafter to the date of judgment; (7) interest on the underpaid contributions to the Annuity Fund in the amount of $47.61 through March 10, 2014, plus $.07 per day thereafter to the date of judgment; (8) interest on the unpaid contributions revealed by the audit in the amount of $3,388.72 through March 10, 2014, plus $2.70 per day thereafter to the date of judgment; (9) liquidated damages in the amount of $146,971.90; and (10) attorneys' fees and costs in the amount of $7,973.70. *To the Union*, (1) unpaid wages in the amount of $245,618.42 and (2) interest on the unpaid wages in the amount of $96,683.11 through March 10, 2014, plus $60.55 thereafter to the date of judgment. (R&R 20–21.) Objections were due within 14 days of receipt of the R&R. (*Id.* at 21.) Plaintiffs filed proof of service. (Docket Entry No. 17.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the

---

[1] See Judge Pohorelsky's discussion at R&R 3–5 for a detailed explanation of what contributions the Board collects.

2

decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

Judge Pohorelsky's recommendation to the Court includes the payment of interest to the Union on unpaid wages in the amount of $60.55 from March 10, 2014 through the date of judgment. (*See* R&R 21.) This recommendation reflects a minor typographical error. Judge Pohorelsky explained in his analysis in the R&R that the Union owes interest on unpaid wages at the rate of $60.55 *per day* through the date of judgment. (*See id.* at 18.) Finding no clear error with Judge Pohorelsky's calculations, the Court clarifies the award of interest to the Union to reflect that the Union is entitled to interest on the unpaid wages in the amount of $96,683.11 through March 10, 2014, plus $60.55 *per day* thereafter to the date of judgment.

The Court has reviewed the unopposed R&R, and, finding no clear error with Judge Pohorelsky's substantive recommendations, the Court adopts Judge Pohorelsky's R&R, as modified, pursuant to 28 U.S.C. § 636(b)(1). The Clerk of Court is directed to enter a default judgment against Defendant awarding damages to the Board for (1) unpaid JIB contributions in the amount of $557,382.79; (2) unpaid DSP contributions in the amount of $210,006.37; (3) underpaid contributions to the Annuity Fund in the amount of $980; (4) unpaid contributions from the audit in the amount of $32,852.83; (5) interest on the unpaid JIB contributions in the amount of $54,438.28 through March 10, 2014, plus $51.54 per day thereafter to the date of judgment; (6) interest on the unpaid DSP contributions in the amount of $16,317.83 through March 10, 2014, plus $17.28 per day thereafter to the date of judgment; (7) interest on the

3

underpaid contributions to the Annuity Fund in the amount of $47.61 through March 10, 2014, plus $.07 per day thereafter to the date of judgment; (8) interest on the unpaid contributions revealed by the audit in the amount of $3,388.72 through March 10, 2014, plus $2.70 per day thereafter to the date of judgment; (9) liquidated damages in the amount of $146,971.90; and (10) attorneys' fees and costs in the amount of $7,973.70; and to the Union for (1) unpaid wages in the amount of $245,618.42 and (2) interest on the unpaid wages in the amount of $96,683.11 through March 10, 2014, plus $60.55 per day thereafter to the date of judgment.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 2, 2014
      Brooklyn, New York